Filed 10/18/22  P. v. Smith CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE, | D079541 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. INF1800239) |
| RAY VERNON SMITH, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside, James T. Latting & Russell L. Moore, Judges.  Affirmed and remanded for resentencing.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel, Paige B. Hazard, and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

Ray Vernon Smith, Jr. was convicted of burglary and attempted robbery, and sentenced to 25 years to life plus 11 years under the "Three Strikes" law. On appeal, Smith asserts resentencing is necessary because the trial court declined to strike one of his prior strike convictions under an erroneous belief that it lacked discretion to consider his substance abuse as a mitigating factor and improperly found he had failed to pursue drug and alcohol treatment. Smith also asserts that he is entitled to remand and resentencing under recently enacted Assembly Bill No. 518 (2021-2022 Reg. Sess., AB 518), which gives trial courts new discretion to impose a shorter sentence.

We reject Smith's assertion the trial court erred by declining to strike his prior strikes, but agree with Smith that resentencing is required under the changes made by AB 518. Accordingly, we remand for the limited purpose of allowing the trial court to exercise its new sentencing discretion. In all other respects, the judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

Ricky P. was in a long-term relationship with Smith's aunt and had known Smith for 20 years. Ricky was the manager of a rooming house that was being renovated to eventually have six rooms for rent. Ricky testified that he allowed Smith to stay in the house whenever there were vacant rooms available, although Smith did not have a key to the house or any of its locking doors.

During the afternoon on February 5, 2018, Smith was at the house and acting erratically. Police records showed that Ricky called the police around 4:49 p.m. to report Smith was throwing rocks. Palm Springs Police Officer Jeremy Beach came to the house, but did not find Smith there.

2

That evening Ricky rented a room to Starr T. Starr had been homeless for four years and was looking for a safe place to stay. She gave Ricky $500 for her first month's rent. Starr did not know if other people lived in the house. Starr moved her belongings inside her room and, exhausted, quickly fell asleep. Twenty minutes later, she was awakened by Smith walking into her room. Smith seemed aggravated and asked Starr, "Who are you?" Starr responded, "Get the hell out of my room." Smith left, and Starr fell back asleep.

Another 20 minutes passed, and Starr was awakened again by a noise inside the room. Smith was in the room again, this time standing near Starr and holding a hammer over his head. Smith said, "Give me all your dope and money." Starr jumped up and yelled at Smith to get out of her room and Smith left.

Starr went to Ricky's apartment next door to the rooming house and told him what had happened. Ricky checked Starr's room and then called 911. When Officer Beach arrived, Ricky told him that Smith had been in the house. Police searched the house and found Smith hiding inside another room. Beach also found Smith's belongings in the room and a hammer. Ricky told the police that Smith had been acting strangely earlier that day and was not supposed to be inside the rooming house that evening. At trial, Ricky denied making these statements to the police.[1]

---

1    Ricky also denied calling 911, instead stating that Starr called. Direct evidence contradicted Ricky's trial testimony, and showed he called 911 then and earlier in the day.

Smith was arrested and charged with burglary of an inhabited dwelling (Pen. Code, § 459,[2] count 1) and attempted robbery with personal use of a deadly and dangerous weapon (§§ 664/211, 212.5, subd. (a), 12022, subd. (b)(1), count 2). The jury convicted Smith of both counts and found true the deadly weapon allegation. In a separate proceeding, the trial court found true the allegations that Smith had committed two prior serious felonies that also constituted prior strike convictions.

Before sentencing, Smith asked the trial court to dismiss one of his prior strike convictions under the authority of section 1385. Smith argued his drug addiction was a mitigating factor and that the current crime was not as serious as the charges implied because Smith was not successful in his attempts to gain drugs or money from the victim. After argument by counsel at the sentencing hearing, the court declined to dismiss the prior strike.

On count 2, the court sentenced Smith to an indeterminate term of 25 years to life under the Three Strikes law and a determinate term of 11 years, consisting of two consecutive 5-year terms for the two serious felony priors under section 667, subdivision (a) and a one-year term for the personal use allegation. On count 1, the court imposed and stayed under section 654 an indeterminate term of 25-years-to-life and a determinate term of 10 years. Smith timely appealed from the judgment of conviction.

## DISCUSSION

### I

### *Section 1385 Request to Strike*

Smith asserts that the court abused its discretion in three ways with respect to its denial of his motion requesting the court strike one of his prior

---

[2]     Subsequent statutory references are to the Penal Code.

convictions: (1) by adopting the prosecution's description of the applicable law; (2) by failing to consider Smith's drug use as a mitigating factor; and (3) by finding that Smith made no legitimate attempt to seek addiction treatment. The People respond that Smith's claims are forfeited because they were not raised below. Alternatively, they argue the trial court is entitled to the presumption it understood and correctly applied the law, and here, the record shows the court undertook its own proper analysis and application of the law.

A

Section 1385, subdivision (a), permits a trial court to "strike factual allegations relevant to sentencing, such as the allegation that a defendant has prior felony convictions." (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504.) However, " 'the Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).) "[T]he [T]hree [S]trikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so." (*Id.* at p. 378.)

In exercising its discretion, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's

spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra*, 33 Cal.4th at p. 377.)

B

As an initial matter, we reject the People's assertion that Smith forfeited his arguments by not raising them below. A central argument made by Smith's counsel at sentencing was that Smith's drug addiction was a mitigating circumstance that supported a departure from the Three Strikes law. This argument encompasses Smith's appellate contention that the trial court did not adequately factor Smith's habitual drug use. Likewise, Smith's trial counsel urged the court not to adopt the prosecutor's legal analysis, which he now asserts was an abuse of discretion.

However, we agree with the People that Smith has not shown the trial court abused its discretion by declining to strike one of his prior convictions. Contrary to Smith's assertion, the transcript from the sentencing hearing shows the court carefully considered the law presented by both parties in their briefing. As the People argue, the court was entitled to adopt the prosecution's argument. That the court's reasoning mirrored the prosecution's opposition to Smith's request that the court strike shows only that the court agreed with the People's argument, not that the court did not engage in its own analysis.

The transcript from the sentencing hearing shows that the court balanced the relevant facts and considered Smith's individual background, including his drug use and addiction, in addition to his criminal record. The

trial court's conclusion that Smith had lived a life of crime, which included two earlier violent offenses, supported its determination that Smith was not within the few exceptions falling outside the spirit of the Three Strikes law. (See *People v. Carmony, supra*, 33 Cal.4th at p. 378 ["Because the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary."].)

The court accurately stated that Smith had multiple convictions, including two earlier violent felonies, served multiple terms in prison, and had multiple parole violations. The court acknowledged the defense's assertion that Smith's background and drug addiction were mitigating circumstances warranting a departure from the Three Strikes law, but found that Smith had not made any sustained efforts at changing his lifestyle despite "numerous felony convictions, prison sentences, and parole violations."

Smith argues that the trial court abused its discretion by failing to consider "Smith's individualized circumstances…." This argument is not supported by the appellate record. The court expressly recognized that Smith "suffered from a troubled upbringing, a narcotics addiction" and his argument that these "underlying circumstances somehow warranted" dismissing a prior strike. However, the court found that Smith's extensive criminal history demonstrated a high level of recidivism and that Smith had "failed to learn from his mistakes time and again, time and time again."

7

The record also contradicts Smith's assertion that the court did not understand its discretion to consider Smith's addiction and drug use as a mitigating factor. He argues that the court "mistakenly believed it was obligated as a matter of law to find Smith's drug addiction was not a mitigating factor unless he had attempted to address the problem." This argument mischaracterizes the trial court's ruling and the cases it cited. The court expressly stated it was considering Smith's background and character, including his drug use, but that it did not find Smith's addiction to be a mitigating factor because Smith had not demonstrated any "legitimate attempt" to seek treatment. Smith himself admits on appeal that under the relevant cases, a defendant's drug use "is not necessarily a mitigating factor" where the defendant "has a long-term problem and seems unwilling to pursue treatment." (*People v. Martinez* (1999) 71 Cal.App.4th 1502, 1511; see also *People v. Gaston* (1999) 74 Cal.App.4th 310, 322 [drug dependency not a mitigating factor where defendant the record "barren of any attempts by [defendant] to 'root out' such destructive drug dependency"] and *Williams, supra*, 17 Cal.4th at p. 163 [drug use not a mitigating factor where defendant "did not follow through in efforts to bring his substance abuse problem under control."].) The court's decision declining to view Smith's drug use as a mitigating factor was not an abuse of its discretion.

Finally, Smith argues that the court abused its discretion because the record did not support its implied finding that he had made no legitimate attempts at rehabilitation. In support of this claim, Smith cites to the probation report, which noted that Smith had received some treatment for alcohol abuse. This statement does not contradict the court's finding that Smith had never sought treatment for his *drug use*, which Smith professed was the cause of his current conviction. Further, Smith also told the

8

probation officer that "[he] did not want to follow through" with the alcohol treatment, supporting the court's implied finding that Smith had not made a legitimate attempt at rehabilitation. (See *People v. Martinez, supra*, 71 Cal.App.4th at p. 1511.)

In sum, the record shows that the trial court considered Smith's individual circumstances and appropriately found Smith's drug use was not a mitigating factor supporting a departure from the Three Strikes law.

## II

### *Recently Amended Section 654*

Smith asserts that the recent enactment of AB 518 requires resentencing. The Attorney General concedes that the new discretion afforded by the law applies, but argues remand is not required because the trial court clearly indicated it would not have given Smith a lesser sentence if it had such discretion.

"[Penal Code section] 654 precludes multiple punishments for a single act or indivisible course of conduct." (*People v. Hester* (2000) 22 Cal.4th 290, 294.) At the time of sentencing, former section 654, subdivision (a) required that a defendant who committed an act punishable by two or more provisions of law be punished under the provision that provided for the longest possible term. (Stats. 1997, ch. 410, § 1.) Effective January 1, 2022, AB 518 amended section 654, subdivision (a) to permit an act or omission punishable under two or more provisions of law to "be punished under either of such provisions." (§ 654, subd. (a); Stats. 2021, ch. 441, § 1.) Thus, under newly-amended section 654, a trial court now has the discretion to punish the defendant under any of the applicable laws.

9

At sentencing, the trial court determined that section 654 applied to this case, finding that Smith had a single criminal objective for the burglary and attempted robbery, which was to steal drugs and money from Starr. Accordingly, the court imposed the higher term for count 2, consisting of an indeterminate term of 25-years-to-life and a determinate term of 11 years. The determinate term, in turn, consisted of two five-year terms for each serious felony prior under section 667, subdivision (a) and a one-year enhancement for the true finding on the personal use of a deadly weapon allegation attached to count 2. The court stayed the lesser sentence required for count 1, consisting of an indeterminate term of 25-years-to-life and a determinate term of 10 years (two 5-year terms for the serious felony priors).

The parties agree the discretion newly conferred by AB 518 alters the court's options with regard to which of these sentences to stay or execute. In addition, the Attorney General concedes this amendment to section 654 applies retroactively to Smith, as the amendment is ameliorative and the judgment was not final when it became effective. The concession is well taken. (See, e.g., *People v. Mani* (2022) 74 Cal.App.5th 343, 379 [AB 518 applies retroactively to all nonfinal judgments under the *Estrada* rule]; *People v. Jones* (2022) 79 Cal.App.5th 37, 45 [same].)

Ordinarily, remand is the appropriate course when retroactive changes in law affect the sentencing court's discretion. This is so because " '[d]efendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*)), and " 'a court that is unaware of its discretionary authority cannot exercise its informed discretion.' " (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.) An exception to this requirement exists, however, in the circumstance where "the record 'clearly indicate[s]'

that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Gutierrez*, at p. 1391.)  When " ' "the record shows that the trial court would not have exercised its discretion even if it believed it could do so, then remand would be an idle act and is not required." ' " (*McDaniels*, at p. 425; see *People v. Flores* (2020) 9 Cal.5th 371, 431–432 [holding remand to resentence defendant to exercise sentencing discretion conferred by statutory amendment would be an idle act].)

In the Attorney General's view, the record is clear on this issue because the trial court denied Smith's *Romero* motion and declined to strike the serious felony enhancements under section 667, subdivision (a), rejecting Smith's argument that the 25 years to life sentence was too harsh and that the court should not further increase the sentence.  Smith responds that the record is not sufficiently clear to preclude remand.  He asserts that the court made no statement clearly showing it would not have exercised discretion to impose a term that was one year shorter.

As Smith points out, remand for resentencing is required "unless the record shows that the trial court *clearly indicated* when it originally sentenced the defendant that it would not in any event have [exercised its discretion in a manner favorable to the defendant]." (*McDaniels, supra*, 22 Cal.App.5th at p. 425, italics added.)  Although the one year difference in the sentence is relatively small, we agree with Smith that his case should be remanded for resentencing on this limited issue.  Although the record may suggest it is unlikely the trial court will choose the lesser sentence, it does not clearly show that the court will not.  Accordingly, we remand for resentencing and express no opinion as to how the trial court should exercise its discretion.

11

## DISPOSITION

The cause is remanded to allow the superior court to exercise its discretion under section 654. In all other respects, the judgment is affirmed.


McCONNELL, P. J.

WE CONCUR:


HUFFMAN, J.


O'ROURKE, J.